[Civ. No. 5418. First Appellate District, Division Two.—March 9, 1926.]

A. G. WILKINS, Respondent, v. PHILLIP S. FINNELL et al., Appellants.

[1] GUARANTY — CONTRACT FOR SALE OF NOTE OF THIRD PARTY — CONSTRUCTION—PAROL EVIDENCE—STATUTE OF FRAUDS.—Where a promissory note of a third party was one of the items of property sold by defendants to plaintiff's assignors in consideration of its full face value and interest under a written contract which recited that the defendants released all claims to all the items appearing in the contract, and such contract was not intended to cover the entire transaction between the defendants and plaintiff's assignors and was ineffectual to do so, evidence that the defendants orally guaranteed the payment of such promissory note in an action upon such oral guaranty was admissible not to vary a written instrument, but to establish the portion of the agreement which was not reduced to writing and which it was not necessary to reduce to writing under the provisions of section 2794 of the Civil Code.

---

(1) 22 C. J., p. 1186, n. 92, p. 1245, n. 24, p. 1257, n. 82.

APPEAL from a judgment of the Superior Court of Santa Clara County. J. R. Welch, Judge. Affirmed.

---

1. See 10 R. C. L. 1032.

The facts are stated in the opinion of the court.

Maurice J. Rankin for Appellants.

E. M. Rosenthal for Respondent.

LANGDON, P. J.—This is an appeal by the defendants from a judgment against them as guarantors of a promissory note of a third party, which note defendants transferred to plaintiff's assignors in consideration of its full face value and interest.

The facts are: Prior to June 30, 1921, defendants were co-partners engaged in the tractor business in San Jose, California. On said date they sold their business to Charles O. Dean and A. M. Phillippe for $3,451.19. Among other items of property included in the agreement of sale was a promissory note of Thompson Bros. for $600, which had been given as a part of the purchase price of a tractor. Plaintiff is the assignee of Messrs. Dean and Phillippe and is claiming under an alleged oral guaranty of payment of said note made at the time the note was indorsed to Dean and Phillippe, or during the negotiations regarding the sale of the business. The trial court found in accordance with said claim "that with said assignment, sale and delivery of said promissory note, defendant did then and there guarantee the payment thereof to said Dean Tractor & Implement Co."

The only question in the case is presented by defendants' objection to the introduction of evidence of an oral guaranty. Respondent relies upon section 2794, subdivision 5 of the Civil Code. Defendants and appellants reply that the contract of sale was in writing and did not mention any guaranty of the said note, and that to receive evidence of an oral guaranty under section 2794 of the Civil Code would be to violate another rule of evidence, i. e., that the terms of a written agreement may not be varied by parol. The written agreement relied upon as a bar to the parol evidence is as follows:

"For and in consideration of the sum of $3451.19, Thirty four hundred Fifty-one and 19/100 Dollars, as itemized on statement hereto attached, we hereby release our contract with The Cleveland Tractor Co., and all claims on any and

all of the items which appear on said statement attached hereto.

> "Very truly yours,
> > "FINNELL-MCEWEN Co.
> > > "By PHILLIP S. FINNELL,
> > > "By DANA M. MCEWEN."

Said attached statement is as follows:

"Itemized account of the Cletrac business being sold
    to C. O. Dean and A. M. Phillippe, Equity in 4
    Cletrac Tractors stored in San Jose., Co. Ware-
    house ....................................$ 987.80
Equity in Chevrolet delivery car................  203.55
Note of Thompson Bros. secured by 1 Model H.
    Cletrac Tractor due August 15th, 1921......  600.00
Interest on the above note......................   24.00
Stock of Cletrac parts on hand..................1594.84
1 Desk ........................................   40.00
1 Chair .......................................   10.00

                                          ----------
                                          $3451.19"

It appears that the foregoing instrument was a release of contract with the tractor company. It also mentions an attached statement in which the note in question is listed and recites that all claims on any of such items are released; but it obviously does not embrace the full contract between the parties, for it does not operate as a transfer of the promissory note. It was necessary that this note be transferred by indorsement. The parties must have had some further transaction with reference to this note and the court has found, upon substantial evidence, that defendants agreed to guarantee the payment of the note when they assigned it and received the full face value thereof. The record shows that Dean and Phillippe did not wish to take over the note and did so only upon receiving this guaranty of payment.

[1] The only point to be considered upon appeal is whether or not the written instrument herein set out expressed the full contract of the parties and merged all other negotiations and agreements. Because of the peculiar nature of this instrument, and under the facts of this case, we think it was not intended to cover the entire transaction between the parties and was ineffectual to do so, and that the evi-

dence objected to was admissible not to vary a written instrument, but to establish the portion of the agreement which was not reduced to writing and which it was not necessary to reduce to writing under the provisions of section 2794 of the Civil Code.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.